No. 656 July 8, 2026 427

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER C. LYFFYT,
*Defendant-Appellant.*

Marion County Circuit Court
23CR50153; A185095

Jodie A. Bureta, Judge.

Submitted June 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for two counts of unlawful use of a weapon. In a single assignment of error, defendant claims that he did not receive a fair trial because the prosecutor made improper statements in closing argument that were so prejudicial as to have required a mistrial. Defendant did not object to the statements when they were made, so he requests plain-error review. As explained below, we affirm.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We have discretion, however, to correct a "plain" error. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for an error to be "plain"). For a prosecutor's statements in closing argument to rise to the level of plain error, it must be "beyond dispute" that they "were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). To meet that standard, the statements, individually or collectively, must have been both obviously improper *and* incurable. *State v. Perez*, 373 Or 591, 606, 568 P3d 940 (2025).

A statement was obviously improper if its only possible interpretation made it an impermissible remark, whereas a statement was not obviously improper if it was susceptible to more than one interpretation, at least one of which was not impermissible. *Id*. at 607. As for curability, "prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), *rev den*, 374 Or 143 (2025) (emphasis in original). "That is important because, '[g]enerally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct.'" *State v. Babcock*, 327 Or App 358, 360, 535 P3d 345 (2023), *rev den*, 374 Or 143 (2025) (quoting *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009)). Only if "no curative instruction would have been effective" can it be said that a mistrial was required and the error plain. *Perez*, 373 Or at 605.

In this case, defendant challenges the prosecutor's statement in closing argument indicating that defendant's "cloak of innocence" had been removed because the state proved the facts establishing guilt beyond a reasonable doubt. Citing *State v. Worth*, 231 Or App 69, 75-77, 218 P3d 166 (2009), *rev den*, 347 Or 718 (2010), defendant argues that that argument undermined and distorted the presumption of innocence and the reasonable doubt standard and was so prejudicial as to be incurable. We agree with defendant that the statement was improper. *See State v. Adair*, 340 Or App 305, 309, 571 P3d 202, *rev den*, 374 Or 421 (2025) ("The presumption of innocence does not end with the receipt of evidence; rather, it remains in place until deliberations are complete." (Internal quotation marks omitted.)).

We disagree, however, that it was not curable. The statement was isolated and came in the midst of a closing argument where the prosecutor walked through how the evidence presented satisfied the state's burden of proof as to each element of the crime. Under those circumstances, the jury was likely to understand the prosecutor's comments to reflect the state's position that it had satisfied its burden of proof rather than an effort to undermine the presumption of innocence. And, if any juror had been confused by the prosecutor's statement, that confusion could have been addressed with a curative instruction clarifying that the presumption of innocence remains unless and until the jury returns a verdict of guilt. *See id*. (the prosecutor's focus on the evidence and the jury's role in evaluating the evidence "mitigated any possible suggestion that the mere receipt of legally sufficient evidence during trial ended the presumption of innocence, and the trial court could have easily addressed any lingering possibility of confusion with a curative instruction, had defendant objected").

Affirmed.